MERIBA ESSEX, APPELLEE, V. SOL A. KSENSKY ET AL., APPELLANTS.

FILED DECEMBER 14, 1911.    No. 16,763.

1. **Depositions, Objections to.**  An objection to a deposition, on the ground of a defect in the certificate of the officer before whom it was taken, cannot be considered unless made in writing, and filed before the commencement of the trial. *Yearsley v. Blake*, 85 Neb. 736.

2. **Intoxicating Liquors: ACTION: DAMAGES: REVIEW.**  A judgment for damages will not be set aside on the grounds that it is not supported by the evidence and is excessive, if there is competent evidence in the record which supports it, unless a reviewing court can say that it is clearly wrong.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*E. C. Strode, D. C. Burnett* and *M. V. Beghtol,* for appellants.

*George W. Berge, contra.*

BARNES, J.

Action by a married woman against a licensed saloon-keeper and his bondsman to recover damages alleged to have been sustained by her and her minor children from the effects of intoxicating liquors sold to her husband. On the trial in the district court for Lancaster county, the plaintiff had a verdict for $3,000, which the trial court, in ruling on a motion for a new trial, reduced to $2,000 by requiring a remittitur. Judgment was rendered for that sum, and the defendants have appealed.

The appellants base their demand for a reversal of

the judgment upon two grounds, which will be disposed of in the order in which they were presented.

1. It is contended that the court erred in permitting the plaintiff to read the deposition of one William E. Mohan in evidence over their objections. The record discloses that the deposition was taken under a stipulation entered into for that purpose between the parties; that it was taken as agreed upon, and was returned to and filed by the clerk of the district court as prescribed by law. The deposition appears to be regular in all respects, excepting only the certificate of the officer before whom it was taken, which reads as follows: "Subscribed and sworn to before me this 9th day of November, 1909. Louis J. Conway, Notary Public."

It should be further noted that no seal was attached to the jurat. The deposition was received and filed by the clerk of the district court on the 13th day of November, 1909, and the trial commenced on the 8th day of December, following. No motion was made to suppress the deposition, and no objections or exceptions to it in writing were ever filed, as required by section 389 of the code, which reads as follows: "Exceptions to depositions shall be in writing, specifying the grounds of objection, and filed with the papers in the cause." Section 390 of the code further provides: "No exceptions other than for incompetency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial."

It appears that, when the plaintiff offered to read the deposition, the defendants interposed an oral objection as follows: "We object to the offer at this time, for the reason there is no proper or sufficient foundation laid, not properly certified, and for the reason that it is immaterial at this stage of the case." The plaintiff read the stipulation under which the deposition was taken, and the court overruled the objection. It is strenuously contended that this was reversible error. The argument in support of this assignment proceeds on the theory that

the deposition was incompetent, although it appears from the record that incompetency was not one of the grounds of the objection. We are of opinion that this contention cannot be upheld.

In *Yearsley v. Blake*, 85 Neb. 736, it was held that "An exception to a deposition, on the ground of a defect in the notice, cannot be considered unless made in writing, and filed before the commencement of the trial." In the opinion in that case it was said: "As to the point that the notice to take depositions was not properly served, this need not be considered, because the alleged defect was known before the trial, but no exceptions were made before its commencement, as required by sections 389 and 390 of the code." The defect in regard to the certificate of the officer in this case was known to the defendants, and the right to object at the proper time and in the proper manner was not exercised. We think the rule in the foregoing case applies to and is decisive of the question at bar, and the court did not err in overruling the objection to the deposition made for the first time upon the trial of the cause.

2. Finally, it is contended that the judgment is excessive and is not sustained by the evidence. We have examined both of the abstracts and the bill of exceptions, and find therein competent evidence tending to establish the fact that for a period of about four years the defendant Ksensky frequently sold intoxicating liquors to plaintiff's husband, by the drink, in his saloon, and by the bottle, which Essex took to his home and drunk upon his own premises; that he thereby became so frequently intoxicated as to cause his employers to discharge him; that his health was impaired, and his earning capacity was practically destroyed thereby. It also appears that Essex was a carpenter by trade, and when not under the influence of intoxicating liquor was a skilled workman, capable of earning from $600 to $800 a year, which he contributed to the support of the plaintiff and their minor children. Disinterested witnesses, who had per-

sonal knowledge of the facts, testified that before Mr. Essex became addicted to the excessive use of intoxicating liquors, and before the sales in question were made to him, his family was in comfortable circumstances; that after that time things gradually grew worse with them, until they actually suffered for the want of suitable food and clothing; that the plaintiff was compelled to go out to menial domestic service in order to furnish food and clothing for herself and children; that thereby she could only purchase cast-off clothing from charitable organizations; that this condition continued until this action was commenced, since which time Essex has been unable to procure liquor from the defendant, has been doing better, and is again able to support his family. In view of this testimony, we cannot say that the verdict is excessive, and is not sustained by the evidence.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.